# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JESSE L. PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:13-cv-013-PPS |
| ) | |
| ROB CLOVER, CARL PIERCEFIELD, ) | |
| and JOE WATTS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Jesse L. Payne, a *pro se* prisoner, filed a complaint and an *in forma pauperis* petition. Payne is barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g) because he has on three or more prior occasions filed a complaint or appeal which did not state a claim for which relief could be granted. This is commonly known as the "Three Strikes Rule," and Payne has accumulated six strikes:

> *Payne v. McCaffe*, IP92-C-1670 (S.D. Ind. filed December 2, 1992)
> *Payne v. Madison County*, IP92-C-1671 (S.D. Ind. filed December 2, 1992)
> *Payne v. Nave*, IP92-C-1672 (S.D. Ind. filed December 2, 1992)
> *Payne v. McCaffe*, 01-1466 (7th Cir. filed February 26, 2001)
> *Payne v. Madison County*, 01-1467 (7th Cir. filed February 26, 2001)
> *Payne v. Colford*, 3:12-CV-576 (N.D. Ind. filed October 9, 2012)

It is not news to Payne that he has used up his three strikes; to the contrary, he has been so informed in seven other cases:

> *Payne v. Medical Doctor*, IP01-C-0009 (S.D. Ind. filed January 4, 2001)
> *Payne v. Hendricks County*, IP01-C-0130 (S.D. Ind. filed January 30, 2001)
> *Payne v. Illinois Founders Ins. Co.*, IP01-C-0222 (S.D. Ind. filed February 20, 2001)
> *Payne v. Hendricks County*, IP01-C-0237 (S.D. Ind. filed February 23, 2001)
> *Payne v. Putnam County*, IP01-C-0250 (S.D. Ind. filed February 23, 2001)
> *Payne v. Logansport Mental Hospital*, 3:01-CV-183 (N.D. Ind. filed February 20, 2001)
> *Payne v. Indiana Boys School*, 1:04-CV-1467 (S.D. Ind. filed September 8, 2004)

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In this case, Payne is seeking monetary damages from three defendants whom he alleges took his Bible for two weeks in December. The loss of his Bible for two weeks a few months ago presents no basis for finding that he was ever in real and proximate danger of serious physical injury. In a letter, Payne mentions in passing that his life is in danger, but he provides no explanation for this statement and the focus of the letter is about how the facility inaccurately completed his Certificate of Account and delayed giving him a copy of his trust fund ledger for two weeks. (DE 5.) The mishandling of his finances, even if true, is not a good faith allegation that he is in imminent danger of serious physical injury. Therefore he may not proceed *in forma pauperis* in this case, but that is not all.

The Seventh Circuit requires that litigants who attempt to "bamboozle" the court – by seeking to proceed *in forma pauperis* after they have been informed that they are barred from doing so – be restricted:

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has

2

filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

This case therefore will be dismissed, the filing fee assessed, and Payne will be restricted until he has paid in full all outstanding filing fees and sanctions. The restriction imposed by this order does "not impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict him from filing a notice of appeal in this case.

For the foregoing reasons, the court:

(1) **DISMISSES** this case **WITHOUT PREJUDICE**;

(2) **ORDERS** the plaintiff **Jesse Lee Payne, IDOC # 894616** to pay (and the facility having custody of him to automatically remit) to the clerk of this court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full;

(3) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any case by or on behalf of Jesse Lee Payne (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(4) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and

3

(5) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

**SO ORDERED.**

**ENTERED**: February 15, 2013.

                                                        s/ Philip P. Simon
                                                        PHILIP P. SIMON, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT